IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLORIA N. MARTINEZ,

        Plaintiff,

v.                                                                                                                         CIV 17-0019 JHR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
Performing the duties and functions not
Reserved to the Commissioner of Social Security,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Gloria N. Martinez' Motion to Remand her Social Security case, filed March 8, 2018. [Doc. 25]. The Court has also considered Mrs. Martinez' response to the Court's Order to Show Cause and her Supplemental Motion to Remand. [Docs. 26, 30]. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to the undersigned to conduct dispositive proceedings in this matter, including the entry of final judgment. [Doc. 18]. Having considered the parties' positions, the relevant law, and the relevant portions of the Administrative Record ("*AR*"), the Court denies Mrs. Martinez' Motion, for the reasons set forth below.

### I)     INTRODUCTION

Mrs. Martinez, who is proceeding *pro se*,[1] generally asserts that her case should be remanded to the Social Security Administration. Liberally construing her various statements, she

---

[1] Mrs. Martinez was explicitly advised against proceeding *pro se* by the ALJ. *AR* at 30-31. She complains before this Court that she cannot afford an attorney. [Doc. 25]. However, many attorneys accept cases on a contingency-fee basis, meaning that the client does not pay unless benefits are recovered. *See Otero v. Comm'r, SSA*, 733 F. App'x 459, 460 (10th Cir. 2018). Mrs. Martinez was made aware of this fact by the ALJ. *AR* at 30. While it has liberally

complains that a consultative examiner, Dr. Wynne, violated her rights by assessing her dress and hygiene as part of his psychological examination. [Docs. 26, 30]. She also argues that the limitations found by this examiner preclude her from performing basic work activities, assumedly in contrast to the Administrative Law Judge's ("ALJ's") conclusion that she can perform some work. [Doc. 26, p. 2]. Finally, she appears to challenge the ALJ's credibility determination by asserting that she was very active and had a consistent work history prior to claiming disability. [Doc. 30]. Unfortunately for Mrs. Martinez, none of her claims warrant reversal of the ALJ's decision.

## II) BACKGROUND

Mrs. Martinez filed applications with the Social Security Administration for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Act on December 20, 2012. *AR* at 161-170. She alleged a disability onset date of June 1, 2010, the day she stopped working due to "Depression, Thyroid condition, Vertigo, PTSD, [and] Anxiety." *AR* at 161, 200.

The Administration denied Mrs. Martinez' claims initially and upon reconsideration, and she requested a *de novo* hearing before an ALJ. *AR* at 56-119. ALJ Eric Weiss held an evidentiary hearing on February 25, 2015. *AR* at 26-55. Mrs. Martinez appeared *pro se*, and elected to proceed without an attorney or other representative. *AR* at 30-31. On September 5, 2015, the ALJ issued an unfavorable decision, finding that Mrs. Martinez has not been disabled as defined by law from her alleged onset date through the date of his decision. *AR* at 6-25. Mrs. Martinez requested review of the ALJ's decision on October 6, 2015, *AR* at 4-5, and the Appeals Council denied her request for review on November 9, 2016. *AR* at 1-3. As such, the ALJ's

---

construed her filings, this Court has no choice but to treat Mrs. Martinez as it would any other litigant. *See Wilson v. Astrue*, 249 F. App'x 1, 5 (10th Cir. 2007).

decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). This Court now has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

A claimant seeking disability benefits must establish that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2]

At Step One of the sequential evaluation process, the ALJ found that Mrs. Martinez has not engaged in "substantial gainful activity" since her alleged onset date. *AR* at 11. At Step Two, he determined that she has the "severe" impairments of "(i) anxiety disorder; (ii) depression disorder; (iii) post-traumatic stress disorder (PTSD); and, (iv) vertigo[.]" *AR* at 11. However, at Step Three, the ALJ concluded that Mrs. Martinez' impairments, individually and in combination, do not meet or medically equal the regulatory "listings." *AR* at 12-13. This means that the ALJ determined that none of Plaintiff's impairments, though severe, were severe enough to prevent Mrs. Martinez from doing any gainful activity. *See* 20 C.F.R. §§ 404.1525, 416.925.

---

[2] The Tenth Circuit summarized these steps in *Allman v. Colvin*, 813 F.3d 1326, 1333 n.1 (10th Cir. 2016):

> At step one, the ALJ must determine whether a claimant presently is engaged in a substantially gainful activity. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). If not, the ALJ then decides whether the claimant has a medically severe impairment at step two. *Id.* If so, at step three, the ALJ determines whether the impairment is "equivalent to a condition 'listed in the appendix of the relevant disability regulation.'" *Id.* (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). Absent a match in the listings, the ALJ must decide at step four whether the claimant's impairment prevents him from performing his past relevant work. *Id.* Even if so, the ALJ must determine at step five whether the claimant has the RFC to "perform other work in the national economy." *Id.*

When a claimant does not meet a listed impairment, the ALJ must determine her "residual functional capacity" ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is a multidimensional description of the work-related abilities a claimant retains in spite of her medical impairments and limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1. In this case, the ALJ determined that Mrs. Martinez retains the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she may: lift up to twenty (20) pounds occasionally and lift or carry up to ten (10) pounds frequently, and push or pull the same; stand or walk for up to six (6) hours per eight-hour day and sit for up to six (6) hours per eight-hour day with normal breaks; frequently climb ramps and stairs, but never climb ladders, ropes and scaffolds; avoid more than occasional exposure to work place hazards such as moving machinery and unprotected heights; is limited to simple, routine tasks with only occasional changes in the work setting; and, is limited to occasional contact with the public, supervisors and co-workers.

*AR* at 13-14.

Employing this RFC at Steps Four and Five of the process, and relying on the testimony of a Vocational Expert, the ALJ determined that Mrs. Martinez is unable to perform her past relevant work as a cook's helper. *AR* at 18. However, the ALJ found that there are jobs that exist in "significant numbers" in the national economy that she can perform, despite her limitations. *AR* at 19. Specifically, the ALJ determined that Mrs. Martinez retains the functional capacity to work as an assembler, housekeeper, or electronics assembler. *AR* at 19. Accordingly, the ALJ determined that Mrs. Martinez is not disabled as a matter of law, and denied benefits. *AR* at 19.

### III) LEGAL STANDARDS

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were

applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "'Substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Racette v. Berryhill*, --- F. App'x ----, 2018 WL 2318089, at *1 (10th Cir. May 22, 2018) (unpublished) (quoting *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004)). The Court reviews the record as a whole, does not reweigh the evidence, and cannot substitute its judgment for that of the agency. *White v. Berryhill*, 704 F. App'x 774, 776 (10th Cir. 2017) (citing *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008)). This means that only if the ALJ's decision is overwhelmed by other evidence in the record will it will be reversed. *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014).

IV) **ANALYSIS**

Mrs. Martinez' first argument, that she was "stereotyped" by the consultative examiner because he stated that she was "dressed casually with appropriate hygiene" in his report, [*see* Doc. 26, p. 1], does not impute error to the ALJ. In other words, it was not the ALJ's fault that the doctor described Mrs. Martinez' appearance and hygiene in a certain way, or considered them when assessing the severity of her limitations. More to the point, Mrs. Martinez' civil rights were not violated by the doctor's observations. While the Court sympathizes with Mrs. Martinez' argument that she "wasn't aware [she] had to dress or smell poorly to be suffering from depression[,]" [Doc. 26, p. 1], the doctor's observations were simply observations made as part of his routine mental status examination. *See, e.g.*, *Ringgold v. Colvin*, 644 Fed. Appx. 841, 843 (10th Cir. 2016).

5

Mrs. Martinez' second argument amounts to an assertion that the ALJ should have found her disabled based on Dr. Wynne's report. [*See* Doc. 26, pp. 1-2 (summarizing Dr. Wynne's reported limitations, and arguing that "the evidence shows that my impairments significantly limit my abilities to do basic work activities[.]"). The ALJ weighed Dr. Wynne's opinion and gave it great weight, essentially adopting many of his findings. *AR* at 15. Mrs. Martinez has not shown how giving greater weight to the opinion would have helped her, and has not demonstrated that the ALJ committed legal error when weighing it. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012). As such, she has demonstrated no harmful legal error requiring reversal.

Finally, the Court liberally construes Mrs. Martinez' assertions that she has always worked and was very active in her past, [*see* Doc. 30, p. 1], as challenges to the ALJ's finding that her statements concerning the intensity, persistence and limiting effects of her symptoms are not generally credible. Unfortunately for Mrs. Martinez, the Court must generally defer to the ALJ's credibility findings, as he was in the best position to assess the limiting effects of her symptoms on her ability to work. *See Arterberry v. Berryhill*, 2018 WL 3689233, at *4 (10th Cir. Aug. 2, 2018) ("[C]redibility determinations are peculiarly the province of the finder of fact, and should not be upset if supported by substantial evidence."). In making credibility determinations, an ALJ must consider certain factors. *See Romo v. Comm'r, Soc. Sec. Admin.*, 2018 WL 4212112, at *4 (10th Cir. Sept. 5, 2018) (unpublished). Here, the ALJ considered those factors, *AR* at 17, and Mrs. Martinez has given the Court no reason to disregard the ALJ's findings.

V) **CONCLUSION**

Social Security benefits are reserved to those who cannot work due to their impairments. Here, however, the ALJ determined that Mrs. Martinez can perform some work *despite* her

impairments. In order to reverse the ALJ's decision, Mrs. Martinez must demonstrate to the Court that he did not apply the law correctly, or that his decision is not supported by the evidence. She has not done so. Therefore, the Court has no choice but to deny her Motion to Remand.

Wherefore, Plaintiff's Motion [Doc. 25] and Supplemental Motion [Doc. 30] to Remand are hereby denied. A Final Judgment pursuant to Federal Rule of Civil Procedure 58 will be entered concurrently.

SO ORDERED.

_____
Jerry H. Ritter
U.S. Magistrate Judge
Presiding by Consent